Clerk, please call the first case. 3-0-8-0-7-5-8 People of the State of Illinois Appellee by the Honor, Constable v. Jimmy Norris Appellant by Carrie Bryson Ms. Bryson, you may proceed. May it please the Court, Counsel, good morning, Your Honors. Good morning. I'm Carrie Bryson. I represent Jimmy Norris in this case. The incident matters Mr. Norris' direct appeal following convictions of attempt theft, two counts, and violation of an order of protection. As an initial housekeeping matter, I want to mention, in the reply brief, I noted that there was an appendix with a copy of the information, counts 1 and 2, and then did not prepare or attach an appendix to the reply brief. So, my apologies, that was my error, but those are pages 1 and 2 of the common law record, to the extent Your Honors would like to look at them. The issue raised in this case raised a single issue, that the defendant was not proved guilty beyond a reasonable doubt of attempt theft by deceptionist charged in count 1, which charged attempt theft of an amount between $100,000 and $500,000. Our argument is that the defendant's filing of a lawsuit against Helen Collins seeking monetary damages was not a substantial step toward the commission of a theft. The case really is not overly complex, but it does involve what I think is a question of first impression, perhaps because this seems to be kind of a novel prosecution. I couldn't find a case anywhere like this throughout either Illinois or any other jurisdiction that was quite the same as the case here. Count 1, in this case, charged that defendant, with the intent to commit a theft, in excess again of between $100,000 and $500,000, filed a lawsuit against Helen Collins seeking $350,000 in damages to which the defendant claimed he was entitled as proceeds from both a life insurance policy and a will of Frank Collins, who was Helen's deceased spouse. And that defendant knew no such will or life insurance existed. The language of that charge is clear. Count 1 is based on the defendant's filing of a lawsuit. The defendant argues that simply filing a lawsuit is not a substantial step toward attempt theft. The state has not argued that the lawsuit alone was enough to sustain the charge of attempt theft in its brief. The state has not argued that the lawsuit alone was a substantial step toward an attempt theft, or that the lawsuit alone brought the defendant in dangerous proximity to completing an attempt theft of between $100,000 and $500,000 from Helen Collins. Instead, the state argues that the defendant crossed the threshold of dangerous proximity and became criminally liable when he participated in the writing of the letter soliciting a monetary settlement and in knowingly filing a groundless lawsuit against Helen Collins. The state argues that those two things together constitute the attempt theft. The state also argues that the defendant, through the letter and the lawsuit, was attempting to secure a monetary settlement in the amount of $200. And that the defendant intended the threat of the lawsuit to frighten Helen into paying that sum. Nowhere in its brief has the state explained how Count 1, based on the lawsuit alone, can stand on its own. And without an argument as to how Count 1 can stand on its own, the state's position in its brief really amounts to an argument in support of the charge in Count 2, which was writing the letter and threatening a lawsuit to obtain a monetary settlement of $200. The state doesn't need to make that argument. We haven't challenged that conviction. The defendant has not presented this court with an argument that the charge in Count 2 was not sustained. Was he sentenced to concurrent term on Count 2? Count 2 is a class A misdemeanor. 364 days. And concurrent? Concurrent. Count 1 is a class 2 felony. And he got a maximum extended term, 14 years on that charge. Because the state hasn't made an argument as to how Count 1 can stand on its own, I submit that it's appropriate for this court, for the arguments that, based on the arguments we presented in our brief, and I guess the lack of an argument on behalf of the state as to how Count 1 stands on its own, that Your Honors reverse Count 1. At the trial level, that's not the way this case was argued. The case was argued that there were two separate charges. And there's also an indication in the record that the amount that was sought was more than $200. The $200, the $200 and some other, that was like a down payment or something, wasn't it? Well, you know, there's an indication in the... The language in the letter refers to it as, you know, please give me a favor, send $200. I mean, that doesn't sound like an accord and satisfaction kind of language or something like that. Well, but it has been I mean, it's argued here that that's... I know the state's argument in their brief, but if you look at the facts, if you look at the evidence, and look at the record, the record doesn't suggest that all they were seeking was $200. Well, there is some indication, I think, and it may be in that letter, it may be in some of the testimony discussion of a settlement, maybe in an amount, and I could be wrong, $50,000 maybe, but still it's not $100,000 to $500,000. It doesn't fall in that range. The state hasn't argued to reduce this to which would, I guess, make this class 2 a class 3, because that's between $10,000 and $100,000 as a class 2, so the attempt to beat one class lower would be a class 3. The amount requested in the pleading was over $100,000. In the pleading was over $100,000. And the evidence here just does not meet that. The defendant filed a lawsuit. That was it. Filing a lawsuit, being a substantial step towards an attempt theft, based on whatever amount, I guess, you claim in the lawsuit, I have difficulty with that being what the legislature did intend in codifying attempt theft by deception. Filing suit, there are other remedies for a suit that has no... Your suggestion in your brief is that theoretically it's impossible to have theft by deceit deception by using a legal... I think by filing a civil suit alone, filing a suit is not attempt theft by deception. I can't think of any circumstance where that brings you in dangerous proximity to completion of a theft, the requirement for an attempt that you take a substantial step, and a substantial step through the case law in Illinois has been defined as something that brings you in dangerous proximity. It doesn't have to be the last act, but something that brings you in dangerous proximity to completion of the felony that's being attempted. So you're saying that filing a lawsuit even though intentionally knowing that it's false or whatever, and we do have 137 sanctions. But you're saying filing a lawsuit can never be part of a criminal enterprise or conspiracy? Part of, sure, but an attempt theft, you would need something more. All that's here is filing a lawsuit. Yes, if you're out there, the case I pointed to from North Dakota, Bastion, which is the closest I really could find, they manufactured evidence and conspired to file a lawsuit to seek damages, claiming a loss of fish from a refrigerated truck, and the defendants went out, loaded up their truck with sand, took it to a landfill so they could get a way ticket of what they were disposing of, stating, you know, 5, 6, 7, 7,000 pounds of fish or something to that extent, and used that then to try and file a lawsuit to claim damages against somebody who had caused the refrigeration unit on the truck to go out. They manufactured evidence and filed a suit. And that's more than this. This is the defendant filing a lawsuit, saying... What's the evidence for his lawsuit? What's the evidence? His claims. I mean, he does not have... What's the basis for his claims? The basis for his claims, he says, is what he was told by the decedent, which, as you know, we don't have the decedent with us anymore. But filing a lawsuit, I mean, there's a lot that happens between when you file a lawsuit and getting to the ultimate end of, you know, hope to recover. Well, settlement is part of that process. And he filed a lawsuit for $350,000. And then sought settlement. Apparently, the state argues here, $200, maybe some evidence of a greater amount. But not $350,000. He filed suit. I mean, I did one year of civil practice before I came here, and it was 10 years ago. I don't remember a lot of it. There's discovery. There are motions to dismiss. There are motions for summary judgment. There are a lot of things between taking your suit to the courthouse and filing it, and when you possibly hope to recover it. So whether or not filing a suit, false or otherwise, brings you in dangerous proximity to completion of theft through that suit, I question. And I can't fathom a circumstance where just filing the suit would get you that far. In the insurance fraud cases, where they file a claim, and then there have been successful prosecutions for attempt by filing the application. Right. But that's different. I mean, you file a claim with your insurance company, you expect to receive a check. I damaged my car, I file a claim, I submit estimates or whatever, I expect they're going to cut me a check. If I file a lawsuit, I don't expect that who I'm suing, you know, I seek $350,000 to write the check and send it. Actually, some plaintiffs do. That never happened when I was in civil practice. But, you know, the legal process, by its very nature, it's long, it's drawn out, it's usually pretty complicated. And especially in a case like this, where apparently the argument is the defendant knew these claims were false, or some evidence that, you know, his story doesn't really match up with the witnesses who weren't privy to the conversations he's claiming, but circumstances surrounding those conversations doesn't really match up, that's a case you couldn't really hope to recover $350,000 from a woman who apparently also is penniless. If the state thought the claim was false... They didn't think she was penniless. He claimed he did not know that she had no money. He thought she had money hidden around town. But again, you know, through a lawsuit, that's where you engage in discovery, and you find out these things, and the defendant's attorney files a motion to dismiss, or a motion for summary judgment. It's not a town theft. It's just the filing of a lawsuit. If it's false, it's perjury. There are sanctions, there are motions, but it's not a town theft. Unless this court has any other questions, I'd ask you, based on the arguments today, and what's been submitted in the briefs, to reverse count one outright. Normally I'd ask you to reduce it to the amount, the misdemeanor amount that's in count two, but since that conviction would stand, I just don't need to do that. Okay. Thank you. Mr. Austin, you may proceed. May it please the court. Counsel. I will first briefly detail the major facts of the case. Next I'm going to discuss that count one of the indictment incorporated counts two and three, and then I'll discuss that the sending of the settlement letter and the filing of the frivolous lawsuit constituted substantial steps toward the commission of the offense of attempted theft by deception. In this case, the defendant had known Frank and Helen Collins for over 25 years. He periodically helped them on the farm, and occasionally lived with them. He was not related to the Collins, nor was he a foster child of theirs. Can I ask you, with regard to the argument that the defendant is making, that you're admitting there should only be one count. Is that what you're admitting? We're saying that the indictment itself, incorporated by reference, counts two and three. Count one. Should there be two convictions? There could be. There in this case were three convictions. I'm thinking of a theft by deception. Should there be two separate convictions? He was convicted, as I recall, for both count two and count one of attempted theft by deception. Yes. After Frank Collins died in November 2006, the defendant went to Collins' lawyer, John Bluchinski, claiming that he was owed money under Frank's will. Mr. Bluchinski did not know of any will bequeathing money to the defendant. The second attorney that the defendant contacted confirmed that there was no will bequeathing money to him. The defendant was in prison at the time of the events for which he was charged in this case. In the earlier case for which he was incarcerated, the defendant pled guilty to borrowing money from Helen Collins under false pretenses by claiming that he was going to receive a settlement from a non-existent loss that the defendant knew he was not going to file. Helen later obtained an order of protection against him, and the defendant was aware of that order of protection. So the trial in this case, the trial judge allowed the jury to be informed of this prior conviction and gave a limiting instruction. In this case, the defendant's cellmate, testifying under a grant of immunity, stated that he wrote a letter for a defendant telling Helen that if she paid a total of $200, the defendant would not file a lawsuit against her. Helen did not pay any money to the defendant, and did not file the lawsuit on the defendant's behalf asking for damages in the amount of $350,000. Testimony showed that the defendant was in the cell at the time the letter and the lawsuit were being written, that he participated in the writing of both documents by providing information to his cellmate for inclusion in the letter and suit. The defendant testified that he had never seen a will or an insurance policy listing him as a beneficiary, that he thought that Helen had money that she was hiding, and that he came up with his plan to obtain money from Helen after he learned that his cellmate, after being left out of his father's will, had sued his family and received a $20,000 settlement. Your Honors, in this case, the defendant was charged by indictment with attempted theft by deception. Count 1 alleged that he performed a substantial step toward commission of the offense by filing the lawsuit demanding $350,000 in damages from the proceeds of Frank's will and insurance policy, and knew that no will or policy naming him as a beneficiary of the indictment, as I mentioned, incorporated, by reference, Counts 2 and 3. Count 2 charged that the defendant performed a substantial step toward commission of the attempted theft, and that he caused the cellmate to write the letter to Helen stating that the defendant would settle the potential lawsuit for $200, and Count 3 alleged that the defendant violated the order of protection of which he already had notice. Our Supreme Court in Moore stated that it is a well-established rule in Illinois that all counts of a defense are false, as a whole, and that elements missing from one count of an indictment may be supplied by another count. The sending of the settlement letter in Count 2 was the first step in a series of events in the defendant's attempts to get money from Helen. He had already fraudulently gotten money from her in the past, and so he could have anticipated that she would give him money again. When Helen did not send the $200, the defendant filed the lawsuit, which was the next step in the series of events. He was anticipating that she would want to settle this out of court, because they mentioned figures of $5,000 and $3,000 for costs that would be incurred for defending their suit. The defendant believed that she had money hidden, and he stated that he intended to get money from Helen. Now, the defendant appears to want to rule a law that a person cannot file a frivolous lawsuit. The defendant frames this issue in terms of whether the case is considered attempted theft. This case involves this series of events. First, the illegal demand for $200 in the letter, and then the filing of the lawsuit for the money the defendant was not entitled to. Counts 1 and 2 have to be considered together. Count 1 included not just the filing of the lawsuit, but also the sending of the letter, and Count 3, which was the violation of the order of protection by the sending of the letter itself. Now, the people know that the defendant was sent to Helen, and you violate an order of protection by filing a lawsuit, I believe. No, sir. Okay. No, it was the letter that was sent to Helen that violated the order of protection. Defendant raised for the first time in a reply brief that these charges fall under the one act, one crime doctrine. Because this argument was not raised in the main brief, that argument is waived. And even if the argument is not waived, clearly the sending of the letter one month prior to the filing of the lawsuit, while part of the chain of events, is still a separate act from the lawsuit itself. The defendant intended to obtain money from Helen by sending the letter, and when that effort failed, he filed a lawsuit in a further attempt to get money from Helen. The criminal code states that a person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward commission of that offense. And the Fourth District in Witherspoon said that the policy behind the offense of attempt is to punish the dangerous proximity to the substantive offense and not specifically the substantial steps taken, which could be innocuous absent the criminal intent. Jeff Smith, defendant's cellmate, initially asserted his Fifth Amendment right against self-incrimination, but agreed to testify under a grant of immunity. In prison, Smith told the defendant about his lawsuit, which resulted in the $20,000 settlement. Smith's settlement was discussed prior to the writing of the letter to Helen and the filing of the lawsuit. Smith testified that the defendant knew he was writing the letter to Helen. The defendant stated that he did not know Smith was writing the letter and that he did not provide Smith any information to put in the letter. However, the defendant did admit that he was in the cell at the time Smith was writing the letter and admitted that he gave Smith Helen's address. The letter itself confirms that the defendant gave Smith extensive information. There were multiple phrases in the letter that the defendant did give Smith much information about the background of this particular series of events that all led up to Frank's death and such. The letter is filled with details that Smith likely would not have learned through just conversation, routine conversation, even with a cellmate. Now, Smith also testified that the defendant asked him to write the lawsuit. The lawsuit alleges that Helen told the defendant and also put in writing to her attorney, John Buczynski, that the defendant was to receive a bequest under Frank's will. There is no record of Buczynski having received anything in writing from Helen regarding a bequest to the defendant. A copy of Frank Collins' will was attached to the lawsuit and Frank's will does not name the defendant as a legatee. Helen received everything under Frank's will. The defendant testified that he had never seen a will or life insurance policy that named him as a beneficiary. Helen did testify that she and Frank at one time did have life insurance policies in the amount of $7,000 to $8,000 but these were for funeral expenses and the policies latched because they could not keep up the premiums on them. They didn't have the money for this. And there's a trooper, Romeo, who was involved in interviewing the defendant and he testified that the defendant told him that the defendant was aware of both the lawsuit and the letter and that the defendant had given information to Smith to put into the letter. The people note that Helen received the letter offering to settle what the letter indicated would be an expensive lawsuit in December of 2007. The lawsuit against Helen was filed in January of 2008. Frank Collins died in November of 2006, more than a year before the letter and the suit were written. Surely if the defendant believed that he had a claim, he would have filed the suit at the time that he discovered that he was not in Frank's will. He was the one who told the lawyer that Frank had died. He came very quickly after Frank had died, looking for money. The letter to Helen offering to settle the suit for a mere $200 is a substantial step that the defendant took in attempting theft by deception. And the filing of the lawsuit is the second substantial step that the defendant took in that attempt. The defendant crossed the threshold of dangerous proximity and became criminally liable for attempted theft. The defendant was not  listed in the letter and again when he filed the lawsuit. If the people ask this court to affirm the judgment below, alternatively, should this court find that both acts in combination were necessary to show that the defendant took a substantial step toward attempted theft, then this court should affirm count one. Thank you. Are there any questions? I don't believe so. Thank you, Mr. Austin. Ms. Bryson, you may reply. Thank you, Your Honor's Counsel. Your question, should there be two convictions? No, there should not be two convictions. The state argues that both of these counts are intertwined. That count one incorporates count two. And yet I have not heard the state make an argument here again today for how there was in excess of $100,000 theft by deception. An attempt at that. The state's argument is, read these two together, and it's an attempt to settle. And that is charged in count two, the effort to settle. The language in count two, defendant with the intent to commit the offense of theft performed a substantial step and then he caused Jeff Smith to write a letter requesting $200 to settle a proposed lawsuit over the alleged will and life insurance policy, knowing that the will and life insurance policy did not exist. That's count two. The state's arguments today are great arguments for sustaining the conviction on count two. Again, arguments they don't need to make. We're not contesting that in the issue we presented to this court. The state cites Witherspoon in its brief. First of all, the language of the state citing Witherspoon, they don't mention in their brief here, is in a dissent slash special concurrence. But to the extent that it is persuasive to this court, I think that language is almost an argument for the position we have here. The policy behind the attempt is to punish the dangerous proximity, not the substantial steps themselves. Okay, so where do we get dangerous proximity? Just filing a lawsuit? That's a separate count? I don't think that that holds as a separate count. And again, I haven't heard the state explain how. What's charged in count one, which is filing the suit seeking $350,000 in damages alone, and that's all that's charged in count one, is a substantial step. And the state asks this court to read all the counts together. That case law, I pointed it out in the reply, deals with where there are missing elements. Where a charge is questioned as sufficient to even state to inform which one of the elements. For instance, the Becker case, which the state relies on, was a charge of armed violence based on official misconduct. And the official misconduct itself was not defined in the charge. That's at issue in that case. Well, official misconduct was charged in another count of the charging instrument in that case. So yes, read those together. You can figure out what the official misconduct is. In count one of this case, there is no reference to a letter. There's no reference to some other underlying offense. Count one is attempt theft based on the filing of the lawsuit. What grounds do you want us to set aside the conviction? That it was not proved beyond a reasonable doubt that filing the lawsuit constituted a substantial step toward the offense of theft. You're not asserting that we should set aside the conviction based on one act, one crime? I'm not. And you know, the state's argument that we've waived one act, one crime, obviously if this was a straight one act, one crime, we'd be in the lesser amount here, is in count two. My argument though is with response to what the state has presented in their brief in this case. Saying we count one and count two together, this was an effort to settle for $200. Okay, well if that's what happens, what you have then is if that's what count one is really a conviction of, that's the same thing as count two. So rather than reduce, which again, like I say, normally I ask the court to do in a case where I'm saying just a monetary amount was not proved up, you know, you'd reduce to a lesser. Rather than reduce, it would be the same. If you reduce this to what they're arguing, an effort to settle for $200, you'd have the same thing you have in count two. That's where I think a one act, one crime problem would come in because it would be the same thing. But the state makes a good point that you didn't argue that in your initial brief. And we see this occasionally, plain error. It comes up in a reply brief. It wasn't noted in the initial brief. I just want to make sure you're not asking us to set aside count one based on one act, one crime. No, I think count one was improved. And to the extent a reduction in count one would be appropriate, my argument then is that that's equivalent. You know, I didn't argue one act, one crime in my opening brief because I didn't anticipate the state to come back and say, oh, no, no, no, no, no. Count one and count two are together and it's just this attempt to settle. Because that's the same thing that you have in count two. Thank you. You're saying that count one could have been charged separately, gone to trial only on count one, and that the evidence that's pertaining to count two could have been introduced? I think it could have been introduced. I still don't think they could have proved. I mean, if we had all this evidence and we only had the charge in count one, I think still, I'd be up here making a reasonable doubt argument. Because it was not proved. Beyond a reasonable doubt, an attempt that Which is what you're arguing right now. That is what I'm arguing. That that was not proved beyond a reasonable doubt. Of that amount. You know, $100,000 to $500,000 which is what is charged in count one. And that's based on the amount the defendant put in his lawsuit seeking damages. I'd be making the same argument. I don't believe there are any further questions. Thank you. Thank you, counsel, both, for your arguments in this matter this morning. It will be taken under advisement, written disposition.